### SMITH *v.* SMITH.

1. APPEAL AND ERROR—REVIEW—FINDINGS OF FACT.

   The findings of the trial judge, on conflicting evidence in a case tried without a jury, are conclusive on this court.

2. JUDGMENT — CHANCERY DECREE — CONCLUSIVENESS — COLLATERAL ATTACK.

   A divorce decree, by which the wife was awarded certain land, cannot be attacked in summary proceedings by her against her divorced husband and another as her tenants to regain possession.

3. LANDLORD AND TENANT—LEASE—PARTIES—GUARANTOR.

   Land decreed to the wife in divorce proceedings, being in possession of the husband and a minor son by a former marriage, they retained possession by the son's accepting a lease from the wife, the performance of which his father guaranteed in writing thereon. On their refusal to surrender, on the expiration of the term, the wife brought summary proceedings. *Held*, that the father was estopped to deny that he was holding under the lease, and that he stood in the same relation to complainant as to his holding as his son.

4. SAME—SUMMARY PROCEEDINGS—NOTICE TO QUIT.

   Tenants holding over after expiration of their term are not entitled to notice to quit before bringing summary proceedings under the statute to dispossess them.

5. EVIDENCE—ADMISSION—TRIAL TO COURT—ERROR.

   The admission of incompetent evidence, afterward stricken out and disregarded, is immaterial in a case tried without a jury.

Error to Montcalm; Dodds, J., presiding. Submitted November 10, 1905. (Docket No. 115.) Decided May 24, 1906.

Summary proceedings by Mary A. Smith against C. Newton Smith and Charles N. Smith for the possession of certain real estate. There was judgment for complainant, and defendants bring error. Affirmed.

*V. H. & L. W. Smith*, for appellants.

*N. O. Griswold*, for appellee.

McALVAY, J. An action was begun by complainant against defendants, under the statute providing for summary proceedings to obtain possession of lands, before a circuit court commissioner of Montcalm county, wherein defendants were charged with unlawfully holding over said premises after the time for which they were demised or let to them. Defendants pleaded the general issue. The case was tried before the commissioner and complainant appealed to the circuit court. It was heard before the court without a jury, Hon. Peter F. Dodds, circuit judge of the twenty-first circuit, presiding. Upon the facts and conclusions of law found by him, in writing, a judgment was rendered for complainant for possession. Defendants proposed many amendments to these findings and they were afterwards amended by the court in certain respects without changing the result. Errors are assigned upon exceptions to the rulings of the court upon the evidence during the trial, and upon exceptions to the findings of fact and conclusions of law.

Complainant claimed in this case that defendants were her tenants under a written lease which by its terms expired October 10, 1903. She was the divorced wife of defendant C. Newton Smith, and by the decree which granted her a divorce these premises had been given to her. Charles N. Smith is the son of the other defendant by a former marriage. At the time the lease was made

and executed by him he was a minor; arriving of full age during its term, he continued in possession, and the rent was all paid from month to month. Both defendants were in possession of the land at the time the lease was made and resided thereon. The sheriff had a writ of assistance against him, in favor of complainant, to give her possession under her decree above mentioned. The lease was the result of an adjustment of the matter between the parties, and the writ was not executed. The body of the lease is in the usual form, naming N. O. Griswold attorney for Mary A. Smith as party of the first part, and defendant Charles N. Smith as party of the second part. Below the signatures of these parties is the following:

"I approve of the above lease, and guarantee the faithful performance thereof by the said Chas. N. Smith.
"C. N. SMITH."

There was dispute in the testimony as to the execution of this lease and as to the authority of Griswold as agent of complainant. These questions are foreclosed by the findings of the court, and will not be reviewed in this court, nor will this court consider the question of the title of complainant. The chancery decree could not be collaterally attacked, nor could defendants, if they were tenants in fact, dispute the landlord's title.

The principal question in the case is whether the son and father can both be considered as tenants under this lease. Under the facts of this case we think the court was justified in finding that the writing of his approval and guaranty upon the lease by defendant C. Newton Smith estops him from denying that he is holding under it; that he cannot hold contrary to its terms, and stands in the same relation to complainant, as to his holding, as Charles N. Smith. No notice to quit was necessary under the statute upon which these proceedings were brought.

It is claimed that the court erred in holding that it was not necessary for complainant to prove its execution unless denied under oath. It will not be necessary to pass upon

this objection for the reason that the court found "that the execution of the lease was properly proved by the testimony introduced." Objection was made to the introduction of certain letters of defendant C. Newton Smith to his attorney, and also to testimony of attorney Griswold as to talk with persons not in defendants' presence. The court found that these were incompetent because privileged, and that the conversation should be excluded. They consequently were not considered by him. This case was tried without a jury, and defendants were not prejudiced because the court did not at once strike out this testimony.

No other material questions are raised. We find no error in the case. The judgment is affirmed, with costs.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.