## MIKESELL v. WADE.

1. LANDLORD AND TENANT—LEASES—AMBIGUITY—CONSTRUCTION BY PARTIES CONTROLLING.

Where an ambiguity existed in a written lease, the granting clause conveying the premises for two years, and in the next paragraph the lessee agreeing to lease for one year, the conduct of the parties in treating the lease as one for two years is conclusive.

2. SAME—HOLDING OVER—CONSENT OF LANDLORD NECESSARY TO RENEWAL.

The lessee's holding over at the expiration of his lease would not effect a renewal thereof constituting him a tenant from year to year, and entitling him to three months' notice to quit before summary proceedings could be brought by the landlord to recover possession, in the absence of some act upon the part of the landlord indicating that he intended the lease should continue.

3. SAME—SUMMARY PROCEEDINGS—APPEAL—JUDGMENT AGAINST SURETIES ON APPEAL BOND PROPER.

On appeal by defendant lessee from the commissioner's judgment of restitution in summary proceedings, it was proper for the circuit judge, under 3 Comp. Laws 1915, §§ 12794, 12795, on finding for the plaintiff, to render judgment against the sureties on the appeal bond as well as against defendant, for the amount due for rent after the termination of the lease.

Error to Grand Traverse; Mayne (Frederick W.), J. Submitted January 6, 1921. (Docket No. 63.) Decided March 30, 1921.

Summary proceedings by Lun F. Mikesell against John A. Wade for the possession of leased premises. There was judgment of restitution before the commissioner, and defendant appealed to the circuit court.

214—Mich.—5.

Judgment for plaintiff. Defendant brings error. Affirmed.

*J. J. Tweddle,* for appellant.

*Parm C. Gilbert,* for appellee.

BIRD, J. Plaintiff leased to defendant "the front rooms on the second floor in the brick block situated at 219 East Front street, Traverse City, for the term of *two* years from and after the 25th day of June, 1917," etc. In the next paragraph of the lease, wherein defendant agrees to lease the premises, it reads: "And the said party of the second part does hereby lease the said premises for the term of *one* year," etc. Defendant went into possession under this lease and occupied the premises for two years, when plaintiff served a notice on him to quit. He did not vacate the premises, and plaintiff brought summary proceedings to eject him. The commissioner held defendant's term under the lease had expired and rendered judgment of restitution in behalf of plaintiff. Upon appeal the case was tried before the court without a jury, and the same conclusion was reached. Defendant has brought the case to this court for review.

Defendant's counsel contends that the summary proceedings were prematurely begun because defendant was entitled to a three months' notice to quit, which it is conceded he did not have. His reasoning is that plaintiff leased the premises for one year and was permitted to hold over another year, and that he had entered on the third year and that this would entitle him to a three months' notice to quit because he had become a tenant from year to year.

1. The real differences of the parties arise over an ambiguity in the lease. It will be noted that the grant-

ing clause of the lease conveys the premises for *two* years. In the next paragraph defendant agrees to lease them for *one* year. This ambiguity as to time in the lease was explained by both parties without objection. Plaintiff testified that the lease was originally made for one year. Defendant desired it for five years, but he would not consent to this. Finally he did agree to two years and the lease was changed in one place, but not in the other. Defendant does not disagree in any important particular with plaintiff's version of it. He testified:

"The understanding was that the lease was to be for five years, but when I went down there to get it, it was made out for two years. The lease was made out seemingly for two years, part of it, and part of it for one year."

It will be seen from this that the parties were practically in accord as to how the ambiguity occurred in the lease. They both, however, understood it was a lease for two years and both treated it as such. At the conclusion of that time it was the duty of defendant to vacate the premises. His failure to do so on June 25, 1919, fully justified these proceedings and the conclusions reached therein. He was not entitled to a notice to quit. *Smith* v. *Smith*, 144 Mich. 139. Before there could be any renewal of the lease under defendant's theory it was not enough that he held over into the third year for a time, but there must be some act upon the part of the landlord which would indicate that he intended the lease should continue. *Faraci* v. *Fassulo*, 212 Mich. 216.

2. Objection is taken because judgment was rendered against defendant sureties on the appeal bond as well as himself. A judgment of $60 for rent was rendered for the time which elapsed from the termination of the lease up to the time the matter was de-

termined in the circuit court. We are impressed that this was justified by 3 Comp. Laws 1915, §§ 12794, 12795.

The judgment of the trial court is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.