## DETROIT FREE PRESS *v.* MILLER.

LANDLORD AND TENANT—HOLDING OVER—TENANCY FROM YEAR TO YEAR—NOTICE TO QUIT—STATUTES.

Where, upon the expiration of a three-year lease, the lessee continued to hold over and pay the monthly rental, but no new agreement was made, although negotiations were had, he did not thereby become a tenant from year to year entitling him, under 3 Comp. Laws 1915, § 11812, to a year's notice to terminate same, since said statute applies only to common-law tenancies from year to year for indefinite terms.

Error to Wayne; Marschner (Adolph F.), J. Submitted October 28, 1921. (Docket No. 144.) Decided December 22, 1921. Rehearing denied March 31, 1922.

Summary proceedings by The Detroit Free Press against Frank P. Miller for the possession of certain leased premises. There was judgment for defendant before the commissioner, and plaintiff appealed to the circuit court. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

The question as to whether each holding over by a tenant after expiration of a term for years constitutes a new and separate term, distinct from that which preceded or followed, is discussed in a note in 25 L. R. A. (N. S.) 847.

*Albert McClatchey* and *Firmon Bush,* for appellant.

*Robert M. Brownson* (*Donald Van Zile,* of counsel), for appellee.

MOORE, J.  This case was commenced before a circuit court commissioner, where a judgment was rendered in favor of the defendant.  The case was appealed to the circuit court.  From a judgment directed in favor of the plaintiff the case is brought here by writ of error.  There is considerable conflict in the testimony offered by the parties, but the following facts are clearly established by the record:  March 1, 1916, the defendant leased from the plaintiff certain offices for the term of three years.  The rent was $5,796 for the three years, payable in monthly installments of $161 on the first day of each month.  In addition to the usual provision this lease contained the following:

"*Seventh.*  *  *  *  No receipt of money by lessor from lessee after termination of said term in any way shall reinstate, continue or extend the term above demised, nor affect any notice given by lessor to lessee prior to such receipt of money.  All rights and remedies of lessor herein shall be cumulative, and none shall be exclusive of any other rights and remedies allowed by law.

"*Eighth.*  It is further agreed that if the lessee shall, with the knowledge and consent of the lessor, continue to remain in said premises after the expiration of the period for which they are hereby let, then in such case, the lessee shall become a tenant from year to year from said date."

At the expiration of the three years the parties had negotiations for a new lease, but their minds did not meet and no agreement either oral or written was made.  Pending the negotiations the defendant paid $161 rent, monthly, and it was received by the plain-

tiff. January 21, 1920, plaintiff notified defendant in writing that

"after February 29th, next, you will be expected to have a new lease for the office you now occupy. If you desire to remain in same, you will please let us know not later than the 5th day of February next. Otherwise, we will take it for granted that you do not wish to continue and will make arrangements accordingly."

On January 28, 1920, plaintiff notified the defendant:

"We regret to advise you that an extension cannot be made. We must therefore ask that you give up the offices at the expiration of your lease. This to be considered as your formal notice."

February 12, 1920, plaintiff wrote defendant:

"Take further notice that you are hereby required to vacate and deliver up to the undersigned the said premises forthwith."

The defendant did not vacate the premises and this action was commenced.

It was the claim of the defendant in the court below and it is his claim here that, because he occupied the offices after the three-year lease expired and paid to the plaintiff the monthly rent, he thereby became a tenant from year to year, which tenancy could not be terminated without a year's notice, citing section 11812, 3 Comp. Laws 1915, and the case of *Faraci* v. *Fassulo*, 212 Mich. 216.

This question was before this court in the case of *Rice* v. *Atkinson, Deacon, Elliott Co.*, 215 Mich. 371. The majority opinion in that case is against the contention of the appellant in the instant case, and is controlling.

The judgment is affirmed, with costs to the plaintiff.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.