## KOKALIS *v.* WHITEHURST.

1. LANDLORD AND TENANT—LEASE FOR YEARS—HOLDING OVER—IMPLIED RENEWAL.

Generally, the law implies a contract to renew the tenancy on the same terms for another year, where a tenant under a valid lease for years holds over.

2. SAME—HOLDING OVER—ACCEPTANCE OF RENT—RENEWAL PRESUMED.

A presumption that the parties intend to renew the tenancy arises from the holding over by the tenant and acceptance of rent by the landlord.

3. SAME—HOLDING OVER—TENANT AS TRESPASSER.

A landlord may treat a tenant who holds over after the expiration of a lease as a trespasser or may acquiesce in the continued possession.

4. SAME—RECEIPT OF RENT AFTER END OF TERM—SPECIFIC PROVISION OF LEASE.

A notice to quit need not be made by the landlord upon a tenant who holds over after the termination of a valid lease because of acceptance of rent, where lease specifically provided that after termination of term of the lease the receipt of money by the landlord should not reinstate, continue or extend the term.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 32 Am Jur, Landlord and Tenant § 948.
[1] Term implied by holding over after expiration of lease for a fixed term. 108 ALR 1464.
[2, 4] 32 Am Jur, Landlord and Tenant § 944.
[2, 4] What constitutes assent by landlord to renewal by holding over. 64 ALR 309.
Landlord's consent to holding over by tenant as essential to tenancy from year to year. 55 ALR 286.
[3] 32 Am Jur, Landlord and Tenant § 919.
[4] Generally as to notice to quit, see 32 Am Jur, Landlord and Tenant § 993.
[4] Necessity of giving notice to quit to tenant holding over after expiration of definite term. 19 ALR 1405; 156 ALR 1310.

Appeal from Wayne; Maher (Thomas F.), J. Submitted June 5, 1952. (Docket No. 31, Calendar No. 45,341.) Decided September 4, 1952.

Summary proceedings by James Kokalis and wife against R. B. Whitehurst to recover possession of land. Judgment of restitution given in circuit court on appeal. Defendant appeals. Affirmed.

*Alexander P. Perry (Moe F. Wolfgang* and *Ralph L. Seltzer,* of counsel), for plaintiffs.

*Reymont Paul,* for defendant.

Sharpe, J. This is an action originally commenced before a circuit court commissioner of Wayne county to recover possession of certain premises in the city of Dearborn. It appears that plaintiffs executed a lease of business property to the defendant for a term of 5 years, expiring on December 31, 1950. The lease contained the following:

"(3) For the term of 5 years from and after the first day of January, 1946, fully to be completed and ended, the tenant yielding and paying during the continuance of this lease unto the landlord for rent of said premises for said term, the sum of $30,000 in lawful money of the United States, payable in monthly instalments in advance, upon the 1st day of each and every month as follows: — Beginning January 1, 1946, and continuing regularly each month thereafter to December 31, 1951 [1950?] — $500 per month. * * *

"(23) The tenant will pay as liquidated damages, double rent for all the time tenant shall retain possession of said premises or any part thereof after the termination of the term hereby demised, whether by lapse of time or by election of the landlord and will pay all expenses of the landlord incurred in enforcing any of the provisions thereof. No receipt of

money by the landlord from the tenant after the termination of said term in any way shall reinstate, continue or extend the term above demised, nor affect any notice given by the landlord to the tenant prior to such receipt of money. All rights and remedies of the landlord in this lease shall be cumulative and none shall be exclusive of any other rights and remedies allowed by law."

In the early part of December, 1950, plaintiffs' representative called defendant and informed him that the lease terminated at the end of the year 1950, and possession was demanded as of that date.

Subsequent to the expiration of the lease, the defendant continued to pay and the plaintiff to receive rent at the monthly rental of $500 per month for each of the calendar months: January, February, and March, 1951.

On March 27, 1951, a complaint to recover possession was filed by plaintiffs against defendant in the office of a circuit court commissioner, and a summons issued by virtue of said complaint. Upon trial a verdict for eviction was rendered. Upon appeal to the circuit court of Wayne county, plaintiffs were granted a judgment for possession of the property.

Defendant appeals and urges that the negotiations for a new lease in December, 1950, and plaintiffs' acceptance of rent for the months of January, February, and March, 1951, resulted in the creation of a tenancy from month to month, requiring plaintiffs to give defendant 1 month's notice of termination of lease prior to instituting an action for eviction, and that rent was paid to a date 4 days subsequent to the institution of the present action before the circuit court commissioner.

The trial court in an opinion stated:

"The court in arriving at its opinion has in mind that the plaintiffs at no time solicted the rent for the 3 months of January, February and March, nor that they signified, other than by cashing the checks, that they were accepting them as rent. The court is of the opinion that the contractual relationship be-tween the parties is set out in the lease and that the lease should govern as between the parties, it being their express agreement, unless altered or changed subsequently, and the court does not find that there has been any such alteration or change in the provisions of the lease. * * *

"It is the position of the defendant that by the acceptance of this rent for January, February, and March that he was in legal possession of the property for those months and that the suit started as of March 27, 1951, is premature and the cause should be dismissed. However, the court is of the opinion that rent can only exist where the relationship of landlord and tenant exists, and the court believes that both parties were bound by the provisions of the lease, and that the mere payment of the money under the circumstances as related in this case did not create a tenancy relationship between the parties. Therefore, the plaintiffs acted within their rights when they instituted the suit as of March 27, 1951."

It is a general rule that where a tenant under a valid lease for years holds over, the law implies a contract to renew the tenancy on the same terms for another year.

It is also the rule that a presumption arises from the holding over by the tenant and acceptance of rent by the landlord that the parties intend to renew the tenancy. See *Faraci* v. *Fassulo*, 212 Mich 216.

In *Rice* v. *Atkinson, Deacon, Elliott Co.*, 215 Mich 371 (19 ALR 1399), we announced the following rule relative to the rights of landlords:

"Where there is no express agreement for a renewal of an annual lease and the tenant remains in possession after the term has expired, the landlord may treat him as a trespasser or may acquiesce in his continuing in possession, and in the latter event the law presumes that the tenant holds for another year subject to the terms of the previous lease."

Under· such circumstances notice to quit was not necessary. See *Teft* v. *Hinchman,* 76 Mich 672, and *Smith* v.·*Smith,* 144 Mich 139.

In the case at bar the parties, by written agreement, have defined the relationship after the lease by providing that no receipt for money by the landlord from the tenant after the termination of said term "in any way shall reinstate, continue, or extend the term above demised." In the case at bar, at the expiration of the 5-year lease, the parties had negotiations for a new lease, but no agreement was arrived at. Meanwhile defendant continued to pay what he termed rent for the premises, and plaintiffs accepted it without acknowledging that it was received as rent.

A similar situation existed in *Detroit Free Press* v. *Miller,* 217 Mich 118. We there said:

"It was the claim of the defendant in the court below and it is his claim here that, because he occupied the offices after the 3-year lease expired and paid to the plaintiff the monthly rent, he thereby became a tenant from year to year, which tenancy could not be terminated without a year's notice, citing CL 1915, § 11812, and the case of *Faraci* v. *Fassulo,* 212 Mich 216."

In the case at bar no facts are presented that in any way modify the agreement of the parties. Under the lease the payment and acceptance of so-called

rent did not constitute the relationship of landlord and tenant. The judgment is affirmed, with costs to plaintiff.

DETHMERS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.