*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN LEONOWICZ and SUSAN LEONOWICZ,

      Plaintiffs-Appellants,

v

JONI ZAITONA and NANCY ZAITONA,

      Defendants-Appellees,

and

NAJIB JADAN,

      Defendant.

UNPUBLISHED
December 12, 2024
2:20 PM

No. 366228
Oakland Circuit Court
LC No. 2019-174808-CZ

Before: LETICA, P.J., and GARRETT and FEENEY, JJ.

PER CURIAM.

Plaintiffs, John Leonowicz and Susan Leonowicz, appeal as of right an opinion and order granting defendants[1] Joni Zaitona and Nancy Zaitona's motion for judgment notwithstanding the verdict (JNOV), remittitur, and motion for a new trial. We affirm.

Plaintiffs and defendants are neighbors on Lower Straits Lake in Commerce Township. For most of the 37 years that plaintiffs lived on the lake, the lot next to them was vacant. Defendants bought the lot next to plaintiffs in 2012 and built a house on the property, which they moved into in 2017. Plaintiffs filed a complaint against defendants alleging nuisance per se based on claims that defendants' driveway violated Oakland County Road Commission (the Road Commission) rules, which caused flooding on plaintiffs' property and in their basement. Plaintiffs also alleged claims of nuisance per se and nuisance in fact based on allegations that defendants'

---

[1] Plaintiffs also filed their complaint against defendant Najib Jadan, alleging that he was the true owner of the Tan Bay Street property. Defendants disputed that allegation, but the case proceeded against all three defendants. At trial, defendants stipulated regarding their ownership, and Jadan is not party to this appeal. Our use of the term defendants refers to the Zaitonas only.

docks violated the Department of Environment, Great Lakes, and Energy's (EGLE) Minor Project Categories regulations (permit categories) regarding the placement of docks and deprived plaintiffs' the enjoyment of their lakefront property. Plaintiffs further alleged that defendants illegally dumped sand and soil into the lake. The jury found defendants liable for nuisance per se regarding defendants' driveway and nuisance in fact based on the placement of defendants' docks. But, the trial court granted defendants' motion for JNOV, a conditional new trial, and remittitur.

The trial court found that plaintiffs' claims of nuisance in fact as to defendants' docks failed as a matter of law for lack of evidence that ordinary lakefront property owners would have suffered harm from plaintiffs' minor complaints. The trial court found that plaintiffs' increased difficulty maneuvering their boats; their grandchildren's difficulty fishing for minnows in their favorite area; and plaintiffs' complaints that their view of the lake was spoiled by defendants' proximity and defendants' rusty dock did not constitute unreasonable harm or hindrance to plaintiffs' use and enjoyment of their property. The trial court further found that it had improperly instructed the jury that violations of the Road Commission rules and EGLE's permit regulations constituted a nuisance per se. The trial court ruled that because plaintiffs failed to present any evidence that defendants had violated a statute or zoning ordinance, plaintiffs nuisance per se claims as to defendants' docks and driveway also failed as a matter of law. The trial court granted defendants' motion for remittitur because the evidence adduced at trial did not support the jury's award. Finally, the trial court found that the instructional errors denied defendants a fair trial and required that the judgment be set aside. The trial court granted a new trial conditioned upon our decision on appeal.

## I. STANDARD OF REVIEW

This Court reviews a trial court's decision regarding a motion for JNOV de novo. *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 604; 886 NW2d 135 (2016). When considering a motion for JNOV, an appellate court must review the evidence and all legitimate inferences in the light most favorable to the nonmoving party. *Id*. The motion should only be granted if the evidence so viewed fails to establish a claim as a matter of law. *Id*.

This Court reviews a trial court's decision on motions for a new trial and remittitur for an abuse of discretion. *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 761; 685 NW2d 391 (2004); *Shaw v City of Ecorse*, 283 Mich App 1, 17; 770 NW2d 31 (2009). An abuse of discretion occurs when a trial court's decision is outside the range of reasonable and principled outcomes. *Hecht*, 499 Mich at 604.

This Court also reviews claims of instructional error de novo, examining the jury instructions as a whole to determine whether there was an error requiring reversal. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). "The instructions should include all the elements of the plaintiffs' claims and should not omit material issues, defenses, or theories if the evidence supports them." *Goodwin v Northwest Mich Fair Ass'n*, 325 Mich App 129, 156-157; 923 NW2d 894 (2018) (quotation marks and citation omitted). This Court reviews the trial court's determination that the jury instructions were accurate and applicable to the case for an abuse of discretion. *Id*. "Instructional error warrants reversal if the error resulted in such unfair prejudice to the complaining party that the failure to vacate the jury verdict would be inconsistent with substantial justice." *Id*. (quotation marks and citation omitted).

-2-

## II. JNOV

Plaintiffs argue that the trial court erred by granting defendants' motions for JNOV, new trial, or remittitur because the jury had been improperly instructed as to the law of nuisance. We disagree.

Plaintiffs contend that because defendants consented to the jury instructions and the verdict form, defendants waived and forfeited any challenge to the jury instructions and the verdict form. "Pursuant to MCR 2.512(C), ' [a] party may assign as error the giving of or the failure to give an instruction only if the party objects on the record before the jury retires to consider the verdict . . . stating specifically the matter to which the party objects and the grounds for the objection.' " *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 545; 854 NW2d 152 (2014), quoting MCR 2.512(C). When a party expresses satisfaction with or denies having objections to the instructions given, the party is deemed to have waived any challenge to the jury instructions. *Id*. "A waiver extinguishes any instructional error and appellate review is precluded." *Id*.

It is undisputed that defendants did not object to the proposed jury instructions. At the end of the first day of trial, the trial court expressed concern regarding the jury instructions and urged defendants to become more involved in the jury instruction discussion. Addressing defendants, the trial court stated, "[Y]ou guys need to get involved here, right, because if I don't have the research that needs to be done, then they're going to get some instructions that may not be warranted, so you need to step it up here." At the beginning of the second day of trial, the trial court reminded plaintiffs that it was the trial court's duty to instruct on the applicable law. The trial court disagreed with plaintiffs' characterization of the law regarding the location of defendants' docks and the need for a permit. The trial court did not believe that defendants' docks were permanent docks and asked plaintiffs' counsel to provide a statute, ordinance, or any other authority defining permanent and seasonal docks. The trial court stated that it had tried to rein in plaintiffs' far flung allegations and reproached defendants for failing to rein in plaintiffs' allegations with the proper law. The trial court informed plaintiffs that they had introduced a regulation from EGLE that controlled the installation of permanent structures on the lake, but that plaintiffs had not introduced any municipal ordinances. Plaintiffs' attorney informed the trial court that he had not found an ordinance regulating the installation of docks in Lower Straits Lake in Commerce Township. During the exchange, the trial court stated that it did not believe that defendants had done their research. Even so, defendants indicated that they were satisfied with the jury instructions.

Although plaintiffs assert that defendants waived any challenge to the jury instructions and could not argue that the jury instructions were erroneous in their motion for JNOV, new trial, or remittitur, a review of defendants' motion reveals that defendants did not argue that the jury instructions were erroneous. Defendants argued that plaintiffs nuisance claims failed as a matter of law. Defendants contended that because plaintiffs could not rely on the Road Commission rules to support a nuisance per se, they had to establish that defendants' driveway was a nuisance at all times under all circumstances, which plaintiffs failed to do. Defendants also argued that even if plaintiffs were able to rely on the Road Commission rules to establish a nuisance per se, plaintiffs failed to prove that defendants' driveway violated the Road Commission rules. However, defendants did not claim that the jury instructions were erroneous.

The trial court found that plaintiffs failed to cite any statute or caselaw dictating that violations of the Road Commission rules or EGLE's permit categories constituted a nuisance per se. Therefore, the trial court found that it should not have instructed the jury that "any violation of a statue or rule promulgated by authority of a statute constituted a nuisance per se."

Because there were no standard jury instructions regarding nuisance per se, the trial court gave additional instructions that were presented by plaintiffs. At the close of proofs, the trial court expressed concern regarding plaintiffs' proposed jury instructions stating that violations of the Road Commission rules and the EGLE permit categories constituted nuisance per se. Yet, defendants failed to object to the instructions or offer alternatives, and the trial court read plaintiffs' proposed instructions to the jury. When defendants filed their motion and alleged that plaintiffs failed to establish a nuisance per se, the trial court agreed and found that the jury should not have been instructed as it had been.

Pursuant to MCR 2.512(B)(2), "the court shall instruct the jury on the applicable law, [and] the issues presented by the case . . . ." In addition, the trial court has discretion pursuant to MCR 2.512(D)(4) to give additional instructions regarding the applicable law that are not covered by the model instructions. It "remains the duty of the trial court . . . to determine the subject matter of the instructions to be given to the jury . . . ." *Johnson v Corbet*, 423 Mich 304, 326; 377 NW2d 713 (1985). Furthermore, the trial court cannot delegate that duty to counsel. *Id*. "Generally, a trial court may give an instruction not covered by the standard instructions as long as the instruction accurately states the law and is understandable, concise, conversational, and nonargumentative." *Alpha Capital Mgt, Inc v Rentenbach*, 287 Mich App 589, 629; 792 NW2d 344 (2010) (quotation marks and citation omitted).

The trial court corrected its failure to read jury instructions that accurately stated the law as to nuisance per se. "A trial court has unrestricted discretion to review its previous decision . . . ." *Prentis Family Foundation v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 52; 698 NW2d 900 (2005) (citations omitted). When reviewing whether plaintiffs' claims were supported as a matter of law, the trial court found that they were not because plaintiffs failed to establish a violation of the law in order to support a claim of nuisance per se.

The trial court properly reviewed its previous decision to accept plaintiffs' nonstandard jury instructions that did not accurately represent the law regarding nuisance per se. The key issue was not whether defendants waived their right to challenge the jury instructions. It was the trial court's subsequent determination that the jury instructions did not reflect the applicable law and its exercise of discretion to correct that error. Therefore, the trial court did not err by addressing errors of law in the jury instructions and correcting those errors in ruling on defendants' motion for JNOV.

Plaintiffs next argue that the jury was properly instructed as to the nuisance claims and that the trial court erred by granting JNOV based on improper jury instructions. We disagree.

Michigan recognizes two types of nuisance, public nuisance and private nuisance. *Adkins v Thomas Solvent Co*, 440 Mich 293, 302; 487 NW2d 715 (1992). "A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Id*. Private nuisance "evolved as a doctrine to resolve conflicts between neighboring land uses." *Id*. at 303.

A private nuisance is further divided into two separate categories: a nuisance per se and a nuisance in fact. *Id*. at 302. "[A] nuisance per se is an activity or condition which constitutes a nuisance at all times and under all circumstances, without regard to the care with which it is conducted or maintained." *Li v Feldt*, 439 Mich 457, 476-477; 487 NW2d 127 (1992), overruled on other grounds by *Pohutski v Allen Park*, 465 Mich 675, 686-689; 641 NW2d 219 (2002). The trial court decides as a matter of law whether the alleged act or condition constitutes a nuisance per se. *Ford v City of Detroit*, 91 Mich App 333, 335; 283 NW2d 739 (1979). In addition, pursuant to MCL 125.3407 of the Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq.*, the use of land in violation of a zoning ordinance is a nuisance per se. *Sakorafos v Charter Twp of Lyon*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 362192); slip op at 5, lv pending.

The trial court instructed the jury as follows:

> Plaintiffs contend that defendants violated ordinances, regulations and statutes. Plaintiffs have the burden of proving this. Specifically, plaintiffs contend that defendants' conduct violated the following ordinance, regulations and statutes.
>
> First, plaintiffs contend that defendant violated three different Oakland County Road Commission permit rules, specifications, and guidelines. That's rule[s] 6.19(d), 6.4, 6.9.1, and 6.9.2.
>
> Rule 6.19(d) provides that the grade of a residential driveway shall be a maximum of 10 percent grade.
>
> Rule 6.4 provides that a residential driveway shall not have a width more than 25 feet.
>
> Rule 6.9.1 provides that the drainage off the road should not be adversely affected by the driveway.
>
> Rule 6.9.2 states that drainage from adjacent property should not be discharged directly into the road drainage system.
>
> Plaintiffs contend that defendants have violated each of these rules and regulations by constructing an oversized driveway in June of 2018, which defendants [sic] contend exceed 10 percent grade, exceed 25 feet in width, and has an improper slope that causes drainage towards plaintiffs' grass and driveway.
>
> * * *
>
> Michigan has a few different types of nuisance claims. One of those is called a nuisance per se. A nuisance per se exists if there is a determination that the acts of the defendant violated a statute or regulation regulating the use of property. Plaintiff has alleged five separate grounds for you to consider whether the defendants have violated a regulatory statute, rule or regulation.
>
> If you find that plaintiffs proved any of the five violations above, then you may presume that the defendants' use of their property constitutes a nuisance unless

you are persuaded by other evidence that it is not. If you find that the defendants' use of their property does constitute a nuisance, you must still find that the plaintiffs were injured by that use.

Regardless of whether or not you find that defendants [sic] have proven defendants' violation of any specific ordinance, regulation or statute, you must consider whether the evidence otherwise meets the elements of a nuisance, trespass, or environmental damages claim. Plaintiff can prove their claims by meeting certain other elements without having to establish the violation of an ordinance, regulation or statute.

Plaintiffs contend that these instructions were proper and that the trial court erred by finding that a violation of the Road Commission rules did not support a claim of nuisance per se pursuant to MCL 125.3407.[2] Plaintiffs assert that the Road Commission was created by the Legislature and MCL 247.325 allows the Road Commission to "adopt its own rules after a public hearing . . . ." Plaintiffs further contend that Commerce Township's zoning ordinance references the Road Commission rules by defining land subject to the zoning ordinance to include the Road Commission's rights of way. Therefore, plaintiffs conclude that the Road Commission rules have the force of a duly enacted zoning ordinance or statute.

Plaintiffs argue that if a zoning ordinance mentions a road commission rule, the zoning ordinance incorporates the road commission rules, and therefore, a violation of the road commission rules constitutes a nuisance per se. But the zoning ordinances upon which plaintiffs rely merely define a gross acre and the master right-of-way plan and indicate that the right-of-way was adopted by the Road Commission. Neither definition states that the Road Commission rules were incorporated into the zoning ordinance. More importantly, plaintiffs stipulated at trial that defendants did not violate a zoning ordinance.

A review of the MZEA does not disclose a zoning ordinance or regulation adopted under it that would constitute a nuisance per se for violation of a road commission rule. And, we did not discover another statute or caselaw that would qualify as "otherwise provided by law," to support a nuisance per se under MCL 125.3407. Moreover, plaintiffs failed to establish that the MZEA conferred any authority to the Road Commission rules that equated with a zoning ordinance. Therefore, the trial court did not err by determining that a violation of the Road Commission rules did not support a claim of nuisance per se.

Plaintiffs also argue that the trial court erred in granting defendants' motion for JNOV because, viewing the evidence in a light most favorable to plaintiffs, the evidence was sufficient to support their nuisance claims. We disagree.

___

[2] In pertinent part, MCL 125.3407 provides, "Except as otherwise provided by law, a use of land or a dwelling, building, or structure, including a tent or recreational vehicle, used, erected, altered, razed, or converted in violation of a zoning ordinance or regulation adopted under this act is a nuisance per se."

"A nuisance in fact is a nuisance by reason of circumstances and surroundings. An act may be found to be a nuisance in fact when its natural tendency is to create danger and inflict injury on person or property." *Wagner v Regency Inn Corp*, 186 Mich App 158, 164; 463 NW2d 450 (1990).

> To prove a claim of nuisance, plaintiff[s] must demonstrate that (1) defendants interfered with the use or enjoyment of plaintiff[s'] property rights and privileges; (2) defendants invasion of the property interests caused plaintiff[s] significant harm; and (3) the invasion was intentional and unreasonable or was otherwise actionable under the rules governing liability for negligent, reckless, or ultra hazardous conduct. [*Cleveland v Hath*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363321); slip op at 7 (quotation marks and citation omitted).]

In order to establish a nuisance in fact, a plaintiff must show "*significant harm* resulting from the defendant's *unreasonable interference* with the use or enjoyment of the property." *Adams v Cleveland-Cliffs Iron Co*, 237 Mich App 51, 67; 602 NW2d 215 (1999). "[R]ecovery in nuisance is appropriate for only *substantial and unreasonable* interference with the plaintiff's right to quiet enjoyment." *Id.* at 72. As such, plaintiffs were required to prove all damages caused by defendants' unreasonable behavior "according to a public-policy assessment of its overall value." *Id.* at 67.

The trial court found that the jury was improperly instructed as to the placement of all docks on lakefront properties and the limit of the number of docks that could be installed. The trial court found that because of this improper instruction, the jury was confused regarding plaintiffs' claims of nuisance in fact as to defendants' docks. The trial court further found that plaintiffs failed as a matter of law to provide sufficient evidence to support a finding that they suffered significant harm or that defendants unreasonably interfered with plaintiffs' use and enjoyment of their property.

Plaintiffs first argue that the trial court failed to indicate which instructions were improper. But the trial court quoted the instructions that it read to the jury and cited the exact Road Commission rules and EGLE permit regulations that it improperly instructed the jury that a violation of would support a nuisance per se claim. This provided plaintiffs adequate notice of the instructions the trial court found improper. Plaintiffs also argue that defendants waived any argument regarding the jury instructions. As already discussed, however, defendants did not argue that the jury instructions were improper. Rather, the trial court revisited its decision to read improper instructions to the jury.

Finally, plaintiffs assert that the trial court substituted is judgment for that of the jury when it considered the evidence and found that it did not establish an unreasonable interference with plaintiffs' rights. We conclude that the trial court appropriately reviewed the evidence adduced at trial and properly found that it did not support a finding of nuisance in fact as a matter of law.

With regard to defendants' primary dock, plaintiffs testified that defendants moved that dock from the center of their property to an area near the property line between plaintiffs' and defendants' properties in June 2020 and removed it four months later in September. John further testified that the dock was placed as close as possible to his. Nancy testified that defendants placed

the dock 10 feet away from the property line. Neither plaintiffs nor defendants testified that defendants' primary dock encroached upon plaintiffs' property.

Plaintiffs both testified that the placement of defendants' primary dock made it impossible for plaintiffs to install their fishing boat, jet ski, and ski boat hoists without assistance as they had in the past. In previous years, John and his sons had carried the hoists to their places. Plaintiffs sent defendants a letter on June 24, 2020, asking defendants to move their dock. After defendants refused to move the dock, Susan hired a company to install the hoists using a pontoon and a crane. After Susan contracted with the company, there was a delay of about two weeks, and plaintiffs' hoists were not in the water until the end of July 2020. Plaintiffs were forced to pay for extra storage through the end of July when they were able to put their boats in the water. Plaintiffs lost two months of the use of their boats. Susan testified that it was difficult to maneuver their boats in and out of their hoists with defendants' dock so close to them.

Susan testified that plaintiffs also lost the enjoyment of their docks because of the proximity of defendants' primary dock. Susan explained that she and John liked to sit on their pontoon and dock to enjoy the lake. But, with defendants also sitting on their dock so close to plaintiffs, plaintiffs could not enjoy sitting out on their dock or pontoon. John testified that plaintiffs' children and grandchildren did not visit that summer because they could not enjoy the dock or the boats. Plaintiffs complained that they lost the enjoyment of their waterfront for the entire summer of 2020.

Susan stated that the secondary dock was near plaintiffs' fence, which is on the property line. Susan explained that because the secondary dock was placed at an angle, it extended in front of plaintiffs' property. The placement of the secondary dock interfered with plaintiffs' grandchildren's ability to fish in their favorite place because their hooks caught on defendants' secondary dock. The grandchildren had to fish in a different area where the minnows were not as plentiful. Defendants' secondary dock also made it difficult to maneuver plaintiffs' fishing boat.

Susan further testified that plaintiffs had a beautiful dock that they spent a long time building and defendants' secondary dock was a "piece of crap" that was "horrible" and "upsetting" for Susan to look at in the morning. Susan thought that plaintiffs lost about one-third of the use of their lake frontage.

Viewing this evidence in a light most favorable to plaintiffs, plaintiffs failed to establish that defendants' primary and secondary docks unreasonably interfered with plaintiffs' use and enjoyment of their property and caused substantial harm. *Adams*, 237 Mich App at 67. With regard to the primary dock, plaintiffs' chief complaint was that the dock made it impossible for plaintiffs to install their boat hoists without assistance. Plaintiffs did not testify or present evidence that defendants encroached on their property in a way that prevented plaintiffs from installing their hoists. Nor did plaintiffs explain how defendants' dock, placed on defendants' property, hindered plaintiffs from maneuvering their hoists. Although this was their main complaint, plaintiffs did not present any evidence of the cost of the installation of the hoists or of the cost of the extra months of boat storage. According to plaintiffs' testimony that they usually installed their dock, the hoists, and the boats around Memorial Day weekend, plaintiffs lost two months of the ability to park their boats in the hoists at the dock. The only other evidence that plaintiffs lost the use and

enjoyment of their property was Susan's testimony that she did not enjoy seeing defendants so close to her when she was trying to enjoy the view of the lake from her pontoon.

Considering this evidence, the trial court properly concluded that plaintiffs failed to establish their claims of nuisance in fact as to plaintiffs' primary dock as a matter of law. Plaintiffs failed to prove that defendants' actions unreasonably interfered with plaintiffs' use and enjoyment of their property causing substantial harm. *Adams*, 237 Mich App at 72. The test for nuisance is objective. *Smith v Western Wayne Co Conservation Ass'n*, 380 Mich 526, 536; 158 NW2d 463 (1968). In order for an activity to constitute a nuisance, it must be significant to persons of ordinary sensibilities. *Id.* (quotation marks and citation omitted). At most, plaintiffs demonstrated that they were inconvenienced for one summer and were unable to proceed with the installation of the dock and hoists as they had always done. Our Supreme Court in *Adkins* stated that "while nuisance may be predicated on conduct of a defendant that causes mental annoyance, it will not amount to a substantial injury unless the annoyance is significant and the interference is unreasonable in the sense that it would be unreasonable to permit the defendant to cause such an amount of harm without paying for it." *Adkins*, 440 Mich at 309-310. Plaintiffs failed to present evidence to support their claims of harm, the cost of the installation of the hoists, or the cost of the extra months of storage. Susan's distaste for seeing defendants while she was enjoying her view of the lake from her dock or pontoon did not rise to an unreasonable interference or substantial harm to a person of ordinary sensibilities. *Id.*; *Smith*, 380 Mich at 536.

Considering the evidence regarding defendants' secondary dock in a light most favorable to plaintiffs, plaintiffs failed to establish nuisance in fact as a matter of law as the harm they alleged was purely subjective. Plaintiffs presented evidence that defendants' secondary dock prevented plaintiffs' grandchildren from fishing for minnows in their favorite spot because their hooks caught on defendants' dock. Susan testified that the sight of the dock was unpleasant and that it upset her. Plaintiffs also testified that they were unable to maneuver their boat on that side. This dock was in place for one year and only for one summer. Again, plaintiffs failed to prove that defendants' secondary dock unreasonably interfered with plaintiffs' use and enjoyment of their property causing substantial harm for a person of ordinary sensibilities. *Id.*; *Adams*, 237 Mich App at 72. The trial court properly granted defendants' motion for JNOV as plaintiffs failed to support their claims of nuisance in fact as a matter of law.

Finding no error in the trial court's grant of JNOV, we need not address plaintiffs' issues regarding remittitur and a conditional new trial.

Affirmed.

/s/ Anica Letica
/s/ Kristina Robinson Garrett

-9-