Following are reports of cases arising under the statute of forcible entry and detainer, which were decided by the Supreme Court prior to 1843, and which have never been previously reported.

### DAVIS v. INGERSOLL.

A complaint under § 2, of Ch. 5, Tit. 3, Pt. 3 of R. S. 1838, for unlawful and forcible entry into lands, &c. should contain the same substantive allegations, which would be requisite in an indictment under § 1 of the same chapter; and the complainant should be held to the same proof, substantially, that would be necessary to justify a conviction upon such an indictment.

Where the evidence to sustain such a complaint showed merely an *unlawful* entry and detention, but did not show that they were accompanied with *violence*, or a breach of the peace, it was *held* insufficient.

CERTIORARI, brought by Davis, to reverse a judgment which Ingersoll had recovered against him, in proceedings before three justices of the peace of Wayne county, under the statute of forcible entry and detainer, R. S. 1838, p. 490, ch. 5. The cause was argued and determined at the January Term, 1840, of this court.

*James A. Van Dyke,* for the plaintiff in error.

—— ——, for the defendant in error.

WHIPPLE, J., delivered the opinion of the Court.

Ingersoll instituted proceedings against Davis before three justices of the peace, for an alleged forcible entry and detainer; and the case is brought here by a writ of certiorari to those justices, that the facts, as well as the matters of law, may be reviewed by this court. Upon an inspection of the justices' return, it appears that the parties, on the 1st of September, 1838, entered into a contract, in writing, by the terms of which Ingersoll undertook to build for Davis a house agreeably to the specifications contained in the contract. Ingersoll agreed to enclose the building and finish the inside, in a good and workmanlike manner, for the sum of $227. Davis agreed to furnish the materials, and do the painting and mason's work, and to pay Ingersoll the money for the work as it should progress. And he also agreed that Ingersoll " should *have the house, and use of the lot, as his own,* until he should pay

Davis *v.* Ingersoll.

him the whole amount of the contract price for doing the work." Ingersoll entered upon the performance of his contract, and, on the 28th day of December, 1838, had completed it to the satisfaction and acceptance of Davis, who then informed Ingersoll that he intended to move into the house on the following day. To that Ingersoll replied that he must not do so; that he, (Ingersoll,) should retain the possession of the house until he was paid for the work. On the 29th December, Davis was found in the house, and appeared to have gone into it during the previous night. Ingersoll then directed Davis immediately to quit the premises, and redeliver possession of the house to him; which Davis refused to do, but said he would try and pay, or make some arrangement for the work.

Ingersoll averred in the complaint preferred to the justices, that Davis, " with strong hand made unlawful and forcible entry into and upon a certain tenement and dwelling house, of right in the occupation and possession" of the complainant.

Upon this complaint being made, the justices issued their warrant for the apprehension of Davis, who was taken and brought before the justices; a trial was had, and a verdict of guilty returned against Davis, on which judgment of restitution was awarded.

The plaintiff in error insisted on the trial, and now contends that, to entitle the complainant to a verdict, he should have proved that Davis either took or kept possession of the premises described in the complaint, with violent menaces, or actual force and arms, or with some circumstances of actual violence or terror; that any entry or possession which had no other force than such as is implied by law in every trespass, was not within the meaning of the statute under which this proceeding was instituted; and that, unless the jury were satisfied from the testimony submitted to them, that Davis took and kept possession of the premises with violent menaces, or actual violence or terror, or some circumstances of force and arms, they should have returned a verdict for the defendant below.

This proceeding is predicated upon the second and third sections of the act touching forcible entry and detainer. R. S. 1838, p. 490. By the provisions of that act, a prosecution and conviction under the sections referred to, are made to accomplish a two-fold object: to make restitution of the premises wrongfully taken or held from the aggrieved party, and to punish the wrong-doer for the offence to the public. Hence the same rules and principles which would regulate and govern the prosecution of an indictment for a similar act, are applicable to this case. The complaint should contain the same substantive allegations that would be requisite in an indictment predicated upon the same statute; and the complainant should be held to the same proof, substantially, that would be necessary to justify a conviction upon an indictment. If I am right in this view of the case, it is clear that the complainant was not entitled to a verdict upon the evidence submitted. As far as I have had an opportunity to examine the authorities cited in argument, they all concur in maintaining the position I have taken; (see 10 Mass. R. 403, 409; 8 Cow. 226;) and I apprehend no case can be found, English or American, in which a contrary doctrine is held.

The judgment below must be reversed, with costs.

Wm. A. Fletcher, C. J. and Ransom and Morell, Justices, concurred.

*Judgment reversed.*