CHRISTIAN v. AMSTER.

1. FORCIBLE ENTRY AND DETAINER—FORCE MUST HAVE BEEN USED OR THREATENED.

In order to maintain action for forcible entry and detainer, entry or detainer must have been riotous, or personal violence must have been used or threatened, or conduct of defendant must have been such as to inspire terror or alarm.

2. SAME—DIRECTED VERDICT.

In action for forcible entry and detainer, where there was no evidence that any force or violence was offered, verdict should have been directed in favor of defendant.

Error to Van Buren; Warner (Glenn E.), J. Submitted January 14, 1931. (Docket No. 117, Calendar No. 35,314.) Decided February 27, 1931.

Action by Elmer Christian against Joe Amster for forcible entry and detainer. Judgment for plaintiff. Defendant brings error. Reversed.

*Lewis R. Williams* and *H. H. Adams,* for plaintiff.

*W. J. Barnard* and *C. W. Benton,* for defendant.

POTTER, J. Plaintiff sued defendant for forcible entry and detainer. From a judgment for plaintiff, defendant brings error. Viola Nottingham traded her farm for a stock of goods in Lawton, she giving to defendant a chattel mortgage on the stock of goods and fixtures acquired. Plaintiff, a son-in-law of Mrs. Nottingham, assumed to run the store. Plaintiff was arrested and held in jail in Allegan county for causes disconnected with this case or defendant, who, claiming the stock of goods was run down, went to see Mrs. Nottingham who owned it, and plaintiff's wife, and stated to them he was going to foreclose the chattel mortgage and take the place over. After some negotiations, Mrs. Nottingham gave defendant a bill of sale of the chattel mortgaged property, taking back from defendant an agreement that if the stock sold, within 30 days, for more than the chattel mortgage and expenses of operation, she was to have such balance. Defendant, at the time he went to the store to foreclose his chattel mortgage, was accompanied by an officer named Moody. Neither defendant nor Moody offered any force or violence toward Mrs. Nottingham, defendant and Mrs. Nottingham being friendly, and the most that Mrs. Christian, plaintiff's wife, says, is that defendant, while talking with her, shook his finger at her. Plaintiff was not there. He was in jail. At the conclusion of plaintiff's case, defendant moved for a directed verdict. This was denied, the case submitted to a jury and a verdict rendered for plaintiff.

Nothing constitutes a forcible entry which would not have been indictable at common law. *Davis* v. *Ingersoll,* 2 Doug. 372; *Marsh* v. *Bristol,* 65 Mich. 378; 26 C. J. p. 803. The entry or detainer must have been riotous, or personal violence must have

been used or threatened or the conduct of the defendant must have been such as to inspire terror or alarm. There must have been force used or threatened against the person.

In *Davis* v. *Ingersoll, supra,* it is said:

"The complaint should contain the same substantive allegations that would be requisite in an indictment predicated upon the same statute; and the complainant should be held to the same proof, substantially, that would be necessary to justify a conviction upon an indictment."

In *Harrington* v. *Scott,* 1 Mich. 17, it is said:

"The summary proceeding provided by our statute is a substitute for a proceeding by indictment in England; it is in its nature a criminal proceeding, and the same proof is required to convict a party under such a proceeding, as would be required to convict him if indicted. * * * There should have been proof of such facts as would amount to a breach of the peace; there is an entire absence of proof going to show, either that the entry was made by the defendants with strong hand and multitude of people, or that the premises were with strong hand detained by them."

In *Shaw* v. *Hoffman,* 25 Mich. 162, it is said:

"The statute was not intended to apply to a mere trespass, however wrongful; but the entry or the detainer must be riotous, or personal violence must be used or in some way threatened, or the conduct of the parties guilty of the entry or detainer must be such as in some way to inspire terror or alarm in the persons evicted or kept out—in other words, the force contemplated by the statute is not merely the force used against, or upon, the property, but force used or threatened against persons, as a means, or for the purpose, of expelling or keeping out the prior possessor."

Defendant's motion for a directed verdict should have been granted. It is unnecessary to consider the other assignments of error. Judgment reversed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.