PATTERSON v. DOMBROWSKI.

1. FORCIBLE ENTRY AND DETAINER—OUSTER PROCEEDINGS.
   Ouster proceedings in the circuit court commissioner's court may be instituted to obtain possession of property, where there has been a forcible entry or detainer (CL 1948, §§ 630.1–630.3).

2. SAME—TRICK OR STRATEGEM—EVIDENCE.
   Evidence showing that defendant owners of property obtained key from builder in order to make inspection of premises and thereafter moved in their furniture and denied him possession except to remove his tools *held,* not to have constituted trick or strategem amounting to forcible entry or detainer, it being conceded there was no actual force or violence in taking possession or in detaining the property from builder whose contract provided he was entitled to possession until fully paid and required final approval given of fitness by agencies of government or financing companies (CL 1948, §§ 630.1–630.3).

3. SAME—OUSTER PROCEEDINGS—FORCE.
   Ouster proceedings in the circuit court commissioner's court may be maintained, where there has been force used or threatened to gain or detain possession of premises from the person entitled thereto (CL 1948, §§ 630.1–630.3).

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 22 Am Jur, Forcible Entry and Detainer § 28 *et seq.*
[1–4] Dispossession without legal process by one entitled to possession of real property as ground of action, other than for recovery of possession or damage to his person, by person dispossessed. 101 ALR 476.

4. SAME—SUMMARY PROCEEDINGS—BUILDER'S EXECUTORY CONTRACT. Statute setting forth instances when summary proceedings may be brought in the circuit court commissioner's court *held*, not applicable to situation, where owners of land peaceably obtained key to house on premises from plaintiff builder in order to make inspection and thereafter took possession by moving in furniture and changing lock, notwithstanding plaintiff's contract with defendants provided he was entitled to possession of the premises until he had been fully paid and required final approval given by agents of government and financing companies and neither payment had been made nor approval given at the time defendants moved into the house (CL 1948, § 630.12).

Appeal from Macomb; Noe (Alton H.), J. Submitted June 5, 1953. (Docket No. 54, Calendar No. 45,815.) Decided October 5, 1953.

Summary proceedings by Cecil A. Patterson against Edmund Dombrowski and wife to gain possession of real estate. On appeal to circuit court judgment was for plaintiff. Defendants appeal. Reversed.

*Daniel Hodgman,* for plaintiff.

*Philip A. Gillis,* for defendants.

ADAMS, J. Cecil A. Patterson, plaintiff and appellee, entered into a written contract with Edmund Dombrowski and Ann Dombrowski, defendants and appellants, to build a house for the defendants on property that they owned in the city of East Detroit. Among other things, the contract provided:

"That the builder shall have full and exclusive possession of said residence and land until the builder has received full payment for all sums due the builder under this agreement, less any credit for an allowance contained in any work order as hereinbefore provided, and until builder has received

final approval of fitness thereof from all necessary governmental agencies, and the final approval of any financing companies, or its agencies, whose inspection and approval is required for the financing of said residence and/or this agreement."

When plaintiff had finished construction, he notified the defendants that the house was complete and requested the balance due him on the contract amounting to $5,403.50. Defendants refused to pay, claiming that there were a number of defects in construction that would have to be corrected before they would pay the balance. Negotiations failed to produce an agreement and on October 3, 1952, the defendants, using a key that plaintiff had loaned them in order that they might inspect the property, entered the house without the knowledge or permission of the plaintiff, moved their furniture in and changed the lock on the house.

The following morning plaintiff called at the premises, found that the defendants had moved in and made demand for possession of the property, which was refused. Plaintiff was then permitted to remove his tools from the basement. It is conceded by the parties that the defendants used no actual force or violence in taking possession of the property or in detaining the property and that there was no breach in the peace at any time. Plaintiff said, however, that he obeyed the order of defendant Ann Dombrowski to stay out of the house in order to avoid a breach of the peace.

Shortly thereafter, plaintiff instituted suit before a circuit court commissioner of Macomb county alleging that he was lawfully entitled to possession of the property; that defendants took possession by stealth; changed the lock on the door, and then held and detained the property as trespassers against the rights of the plaintiff. Upon hearing, the circuit court commissioner found for the plaintiff and en-

tered a judgment that the plaintiff have restitution of the premises. The cause was then appealed to the Macomb county circuit court and heard on stipulated facts. The circuit court affirmed the decision of the circuit court commissioner and the defendants take this appeal.

Proceedings in the circuit court commissioner's court may be instituted to obtain possession of property where there has been a forcible entry or detainer, the applicable sections of the statute being:

"No person shall make any entry into lands, tenements or other possessions, but in cases where entry is given by law; and, in such cases, he shall not enter with force, but only in a peaceable manner." CL 1948, § 630.1 (Stat Ann § 27.1975).

"When any forcible entry shall be made, or when an entry shall be made in a peaceable manner, and the possession shall be unlawfully held by force, the person entitled to the premises may be restored to the possession thereof, in the manner hereinafter provided." CL 1948, § 630.2 (Stat Ann § 27.1976).

"The person entitled to the possession of the premises, his agent or attorney, may make complaint in writing and on oath, and deliver the same to a circuit court commissioner of the county in which the premises are situated, or to a justice of the peace of the city or township where the premises are located, or of any adjoining or contiguous city or township, setting forth that the person complained of, is in possession of the lands or tenements in question, describing them, and that he entered into the same with force, or that he unlawfully holds the same by force, or against the rights of the plaintiff, as the case may be: Provided, That justices of the peace shall not have jurisdiction under this chapter, when the place of holding court of a circuit court commissioner is situated in the same township or city, unless such circuit court commissioner shall be absent from the county, or is interested in the case, either

as principal, agent or attorney." CL 1948, § 630.3 (Stat Ann § 27.1977).

Defendants claim that they did not forcibly enter or detain the property and that therefore the circuit court commissioner had no jurisdiction of the subject matter.

As previously stated, the parties conceded that there was no actual force or violence, but plaintiff contends that the defendants employed stratagem and trick to gain access to the property and that under the rule laid in *Pelavin* v. *Misner,* 241 Mich 209 (60 ALR 276), an entry by stratagem or trick carried out under false pretenses and followed by possession maintained under threat of force was a forcible entry and detainer. In that case, the person in possession of the property was induced by false representations to come outside the building and was then immediately locked out. We think that decision is not applicable to circumstances found in the present case, since there were no false representations and no action by the defendants that could be said to constitute a trick or stratagem.

Defendants are the owners of the property. Plaintiff voluntarily delivered to them a key to the house to be used for inspection purposes. While their subsequent use of the key to effect an entrance was a use not contemplated by the parties, there is no indication in the record that they obtained the key in the first instance for that purpose. It was used by them to gain entrance to their own building after a dispute developed between the parties over the construction of the house, but its possession by the defendants was with the full knowledge and approval of the plaintiff.

Reviewing the decisions of this Court for the purpose of determining the circumstances that will constitute forcible entry and detainer, we find that

the accepted rule is laid down in the early case of *Shaw* v. *Hoffman,* 25 Mich 162, and consistently followed in later decisions. It was there said:

" 'The statute was not intended to apply to a mere trespass, however wrongful; but the entry or the detainer must be riotous, or personal violence must be used or in some way threatened, or the conduct of the parties guilty of the entry or detainer must be such as in some way to inspire terror or alarm in the persons evicted or kept out—in other words, the force contemplated by the statute is not merely the force used against, or upon, the property, but force used or threatened against persons, as a means, or for the purpose, of expelling or keeping out the prior possessor.' " Quoted with approval in *Chylowski* v. *Steinberg,* 193 Mich 547, and *Christian* v. *Amster,* 253 Mich 400.

The requirement that force must be present in the entry and detainer is also suggested in *Prestage* v. *Hanley,* 259 Mich 97.

"Plaintiff's right to recover possession must then rest upon the provision in [CL 1929,] § 14965 (CL 1948, § 630.2 [Stat Ann § 27.1976]), that defendant's possession was 'unlawfully held by force,' and that she was entitled to possession, and that it should be restored to her."

It is conceded in this case that no actual force or violence occurred when the defendants took possession of the property nor during the time that they remained in possession. At no time was there a breach of the peace. Under such circumstances we are constrained to find that there was no forcible entry or detainer as contemplated by the statute and that, therefore, no basis existed in law for the institution of proceedings in the circuit court commissioner's court to obtain restitution of the property.

While it is not urged or suggested in the pleadings, it is to be noted that plaintiff was likewise precluded from bringing summary proceedings in the circuit court commissioner's court under the provisions of CL 1948, § 630.12 (Stat Ann § 27.1986). That section of the statute is not applicable under the circumstances in this case.

Consideration of other claimed errors is unnecessary to a decision. The judgment of the circuit court for restitution of the premises is reversed. Costs to appellants.

BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred with ADAMS, J.

DETHMERS, C. J., concurred in the result.

BOYLES, J., did not sit.