GOUCH v GRAND TRUNK WESTERN RAILROAD COMPANY

Docket No. 117431. Submitted October 16, 1990, at Detroit. Decided
February 19, 1991, at 9:10 A.M. Leave to appeal sought.

Gregory O. Gouch brought an action against Grand Trunk West-
ern Railroad Company in the Wayne Circuit Court seeking
damages for injuries he suffered as a minor when, while tres-
passing on property owned by Grand Trunk, he was hit by a
bullet fired from the direction of one of Grand Trunk's trains
by an unknown third party. The court, Sharon Tevis Finch, J.,
denied the defendant's motion for a directed verdict on the
plaintiff's attractive nuisance claim, and the jury returned a
verdict for the plaintiff. The defendant appealed.

The Court of Appeals *held:*

An owner of land does not have a duty to protect all people
using its land, be they invitees, licensees, or trespassers, from
the criminal acts of third parties. As long as the landowner
does not actively create or maintain the criminal activity or
fail to act reasonably to end criminal activity which takes place
in its presence, there is no liability for injuries that result from
the criminal acts of third parties.

In this case, the defendant may not be held liable, under the
attractive nuisance doctrine, for injuries resulting to the plain-
tiff from the criminal acts of a third person whom defendant
could not and did not control.

Reversed and remanded.

NEGLIGENCE — ATTRACTIVE NUISANCE — CHILD TRESPASSERS — CRIMI-
NAL ACTS OF THIRD PARTIES.

A landowner has no duty to protect a child trespasser, attracted
to the landowner's land, from the criminal acts of unknown
third parties.

*Goodman, Lister, Seikaly & Peters, P.C.* (by

REFERENCES

Am Jur 2d, Negligence § 346; Premises Liability §§ 35, 307.
See the Index to Annotations under Attractive Nuisances; Premises
Liability; Trepass.

*Richard M. Goodman, Jonathan L. Walker,* and *Thomas W. Stephens),* for the plaintiff.

*Foster, Meadows & Ballard, P.C.* (by *Richard A. Dietz),* for the defendant.

Before: HOLBROOK, JR., P.J., and CYNAR and WEAVER, JJ.

HOLBROOK, JR., P.J. Defendant appeals as of right from an order of the Wayne Circuit Court denying its motion for a directed verdict on plaintiff's attractive nuisance claim. We reverse.

On March 22, 1981, seven boys between the ages of thirteen and fifteen were walking along the right of way of defendant's elevated railroad track on the northeast side of Detroit. The boys were residents of the neighborhood surrounding the tracks and were accustomed to playing on and crossing the tracks almost on a daily basis. On this particular day, the boys had walked up to the tracks via a railroad overpass near Seven Mile Road and John R. The pathway onto defendant's right of way was not marked or obstructed by any signs, fences, or other barriers or warnings.

Four boys were in front of plaintiff, simultaneously playing and walking south "goofing around," as they described it, and casually throwing rocks at a nearby junkyard, at poles and signs in the area, and at defendant's slow-moving northbound freight train. Plaintiff and two other boys accompanying him were not throwing rocks because they were hurrying to catch up with the other boys.

Plaintiff and his two companions were walking along the westernmost edge of the tracks between the passing train and the junkyard. Just after the train passed, shots rang out. Plaintiff and Marvin Lowe, who was walking next to plaintiff, saw

flashes of a gun firing from the train. Lowe testi-
fied that he saw bullets hit and ricochet near them
in the middle of the tracks. As the boys began to
run for cover, they heard plaintiff yell that he was
shot.

Plaintiff had turned to his right, trying to run
down the embankment toward the junkyard when
he felt the bullet strike him in the lower-right part
of his back. The bullet traveled upwards about an
inch and a half, severing his spinal cord at the
eleventh vertebrae and causing him to drop to the
embankment with his head pointed toward the
junkyard. He was rendered a permanent para-
plegic. The bullets were fired from the direction of
defendant's train by a person who has never been
positively identified.

On March 15, 1989, defendant moved for a
directed verdict on two of plaintiff's theories of
liability: respondeat superior and attractive nui-
sance. The trial court granted the motion regard-
ing the theory of respondeat superior, but denied
the motion regarding the attractive nuisance the-
ory. The jury was eventually instructed, over de-
fendant's continuing objection, on the attractive
nuisance theory. After deliberations, the jury re-
turned a verdict of $825,000, which was reduced to
$550,000 on the basis of 33⅓ percent comparative
negligence.

The sole issue in this appeal is whether the trial
court erred in not directing a verdict in defen-
dant's favor with respect to the issue of defen-
dant's alleged duty to protect a child trespasser,
attracted to defendant's land, from the criminal
acts of an unknown third party.

Plaintiff's claim is based on the attractive nui-
sance doctrine, the widely recognized rule regulat-
ing the duties of landowners to trespassing chil-
dren. The interaction between the doctrine of at-

tractive nuisance and Michigan case law which holds that landowners are not responsible for the criminal acts of third parties is a case of first impression for this Court. Although the decision in *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), is not directly on point and therefore not controlling in this case, we are not persuaded by plaintiff's argument that the underlying logic of *Williams* is not applicable to a case involving an attractive nuisance.

In *Williams,* the plaintiff, a customer in the defendant's store, was shot during an attempted robbery. Our Supreme Court held, as a matter of law, that a merchant's duty of reasonable care owed to its invitees does not extend to protecting them from the criminal acts of third parties. *Id.,* p 504. To impose such a duty, the Court said, would be against public policy.

> The inability of government and law enforcement officials to prevent criminal attacks does not justify transferring the responsibility to a business owner such as defendant. To shift the duty of police protection from the government to the private sector would amount to advocating that members of the public resort to self-help. Such a proposition contravenes public policy. [*Id.,* pp 503-504.]

We believe that *Williams* is a policy decision applicable to all property relationships, be they involving business or social invitees, licensees, or child trespassers. We cannot hold that an owner of land, such as the defendant, has a duty to protect all people using its land, be they invitees, licensees, or trespassers, from the criminal acts of third parties. To do so would place upon the landowner a greater burden than that which is placed upon the community for the protection of its members.

As long as the landowner does not actively create or maintain the criminal activity or fail to act reasonably to end criminal activity which takes place in its presence, there should be no liability for injuries that result from the criminal acts of those third parties.

We find this logic especially compelling in a trespass situation, be the trespasser an adult or child. Unlike a business invitee, a trespasser does not give any financial benefit to the owner of the land. Thus, if in a merchant business-invitee situation, as was the case in *Williams,* the shifting of the burden of a financial loss caused by crime from one innocent victim to another is improper, it would be even more improper to do so in a land-owner-trespasser situation.

We therefore hold that defendant should not be held liable under the attractive nuisance doctrine for injuries resulting to plaintiff, a child trespasser, as a result of the criminal acts of a third person whom defendant could not and did not control. We therefore vacate the verdict of the jury and remand for entry of a directed verdict in defendant's favor.

Reversed and remanded. We do not retain further jurisdiction.

CYNAR, J., concurred in the result only.