FUGA v COMERICA BANK—DETROIT

Docket No. 138128. Submitted February 4, 1993, at Detroit. Decided
August 10, 1993; approved for publication November 10, 1993,
at 9:00 A.M.

Kim Fuga brought a premises liability action in the Wayne
Circuit Court against Comerica Bank—Detroit, seeking damages
for injuries sustained when she was attacked by a third party
while using the defendant's automatic teller machine. The
court, John H. Hausner, J., granted summary disposition for
the defendant. The plaintiff appealed.

The Court of Appeals *held:*

1. Summary disposition of the plaintiff's claim of negligence
was appropriate. The duty of reasonable care that a merchant
owes customers does not extend to providing armed security
guards to protect customers from the criminal acts of third
parties. As long as the merchant does not actively create or
maintain the criminal activity or fail to act reasonably to end
criminal activity that takes place in the merchant's presence,
there is no liability for injuries that result from the criminal
acts of third parties. The plaintiff did not allege that the
defendant created or maintained the criminal activity, or that
the defendant failed to act to end criminal activity that took
place in its presence.

2. The plaintiff's complaint failed to state a claim of nui-
sance.

3. The court did not err in summarily disposing of the
plaintiff's claim of gross negligence. A claim of gross negligence
under Michigan common law must plead the plaintiff's prece-
dent negligence and the defendant's subsequent negligence. No
precedent negligence was pleaded by the plaintiff.

Affirmed.

MICHAEL J. KELLY, J., concurring in the result only, stated
that the defendant's planning could have been so grossly indif-
ferent to the perils of a given location of the machine as to
constitute a breach of its duty to its business invitee, and that a

REFERENCES

Am Jur 2d, Negligence §§ 104, 107-109; Premises Liability § 442.
See ALR Index under Degree and Standard of Care; Third Persons.

gross negligence standard that supersedes the requirements of precedent and subsequent negligence should be adopted by the Legislature.

Negligence — Business Invitees — Duty of Reasonable Care.

The duty of care that a merchant owes customers does not extend to providing armed security guards to protect customers from the criminal acts of third parties; as long as the merchant does not actively create or maintain criminal activity or fail to act reasonably to end criminal activity that takes place in the merchant's presence, there is no liability for injuries that result from the criminal acts of third parties.

*Rader & Eisenberg, P.C.* (by *Stuart Eisenberg* and *Mark Romano*), for the plaintiff.

*Vandeveer Garzia* (by *Robert D. Brignall*), for the defendant.

Before: Wahls, P.J., and Michael J. Kelly and Connor, JJ.

Per Curiam. In this premises liability action, plaintiff appeals as of right an order of the Wayne Circuit Court that granted defendant summary disposition pursuant to MCR 2.116(C)(8). Plaintiff had been injured in a criminal attack by a third party while using one of defendant's automatic teller machines (atm). Plaintiff's complaint alleged theories of negligence, nuisance, and gross negligence. We affirm.

With regard to plaintiff's claim of negligence, in *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), our Supreme Court held that, as a matter of law, the duty of reasonable care that a merchant owes his customers does not extend to providing armed security guards to protect customers from the criminal acts of third persons. *Id.,* p 504. After *Williams* was released, some panels of this Court have applied its rule narrowly, while a greater number have

taken a broader view. The most recent pronouncements adopt the majority view. In *Gouch v Grand
Trunk W R Co,* 187 Mich App 413, 416-417; 468
NW2d 68 (1991), the panel held:

> We believe that *Williams* is a policy decision
> applicable to all property relationships, be they
> involving business or social invitees, licensees, or
> child trespassers. We cannot hold that an owner of
> land, such as the defendant, has a duty to protect
> all people using its land, be they invitees, licens
> ees, or trespassers, from the criminal acts of third
> parties. To do so would place upon the landowner
> a greater burden than that which is placed upon
> the community for the protection of its members.
> *As long as the landowner does not actively create
> or maintain the criminal activity or fail to act
> reasonably to end criminal activity which takes
> place in its presence, there should be no liability
> for injuries that result from the criminal acts of
> those third parties.*[1]

See also *Ellsworth v Highland Lakes Development
Associates,* 198 Mich App 55; 498 NW2d 5 (1993).

We believe that the interpretation of *Williams*
by the panel in *Gouch* is binding on this panel
under Administrative Order No. 1990-6 and dispositive of plaintiff's negligence claim. Plaintiff's complaint did not allege that defendant created or
maintained the criminal activity, or that defendant failed to act to end criminal activity that
took place in its presence.[2] Hence, summary disposition was appropriate.

---

[1] The emphasized rule is apparently intended to comport with the
post-*Williams* holdings of this Court in *Wagner v Regency Inn Corp,*
186 Mich App 158; 463 NW2d 450 (1990), and *Mills v White Castle
System, Inc,* 167 Mich App 202; 421 NW2d 631 (1988).

[2] We understand the reference in *Gouch* to criminal activity which
"takes place in [defendant's] presence" to mean activity that occurs in
the presence of employees who have the means at hand to end it.
*Wagner,* n 1 *supra; Mills,* n 1 *supra.*

With regard to plaintiff's claim of nuisance, plaintiff alleged that defendant had failed to inspect or maintain the ATM at the time of installation or thereafter, that "the existing dangerous condition . . . was a nuisance," and that defendant had failed to abate the nuisance. These allegations, to the extent that they aver a failure to act, sound in negligence, which we have discussed above, while the remaining allegations are mere conclusions. Plaintiff's complaint failed to state a claim of nuisance. More importantly, *Gouch, supra,* an attractive nuisance case, expressly holds that a broad application of the rule in *Williams, supra,* is "applicable to all property relationships." *Gouch, supra,* p 416. Finally, we will not consider the merits of plaintiff's proposed amended complaint. Although plaintiff attached a copy of the proposed complaint to his brief in opposition to defendant's motion, plaintiff never moved for leave to amend. We are thus left with no trial court decision to review. *Swickard v Wayne Co Medical Examiner,* 438 Mich 536, 562; 475 NW2d 304 (1991). In any event, amendment appears to be futile in light of *Gouch, supra.*

Finally, plaintiff claims that the trial court erred in summarily disposing of his claim of gross negligence. We disagree. A claim of gross negligence under Michigan common law must plead a plaintiff's precedent negligence as well as a defendant's subsequent negligence. *Gibbard v Cursan,* 225 Mich 311, 319; 196 NW 398 (1923); *Abraham v Jackson,* 189 Mich App 367, 372; 473 NW2d 699 (1991). No precedent negligence was pleaded; therefore, summary disposition was appropriate. Plaintiff's reliance on the statutory definition of "gross negligence" in the governmental immunity statute, MCL 691.1407(2)(c); MSA 3.996(107)(2)(c), is misplaced.

Affirmed.

MICHAEL J. KELLY, J. *(concurring in the result only)*. I concur in the result only because I believe defendant's planning could have been so grossly indifferent to the perils of a given location as to constitute a breach of duty to its business invitees.

Regarding the claim of gross negligence, I believe that because the issue was directly addressed by the trial court it is properly preserved for our review. I further believe that the Legislature's inertia in failing to adopt a gross negligence standard that supersedes the obsolete requirements of precedent and subsequent negligence is lamentable and anachronistic.