NELSON v GRAYS

Docket No. 157368. Submitted February 14, 1995, at Grand Rapids.
    Decided April 4, 1995, at 9:10 A.M.
    Terene Nelson, individually and as next friend of her two minor
        children, Tierra Pratt and Jheri Nelson, brought an action in
        the 7th District Court against Leslie Grays, seeking damages
        under § 2918(2) of the Revised Judicature Act, MCL 600.2918(2);
        MSA 27A.1918(2), alleging that the defendant unlawfully inter-
        fered with their possession of a mobile home that the defendant
        had rented to the plaintiff. The court, David G. Grier, J.,
        awarded to the plaintiff individually the statutory minimum
        damages of $200, but refused to make a similar $200 award for
        each of the children represented by the plaintiff as next friend,
        finding that the statutory damages were payable only to a
        tenant and that only the plaintiff in her individual capacity
        was a tenant of the defendant. The Van Buren Circuit Court,
        William C. Buhl, J., affirmed. The plaintiff appealed by leave
        granted.
        The Court of Appeals *held:*
        Tenant, as used in § 2918(2), refers to an individual or
        individuals who pay consideration to a landlord for the right to
        occupy rental property. The term does not include members of
        a family unit who do not pay consideration but rather are
        merely dwelling on the rental property with the person who
        contracted and paid consideration for the property. Accord-
        ingly, both the district court and the circuit court properly
        concluded that the children were not tenants and were not
        entitled to separate awards of damages under § 2918(2).
        Affirmed.

LANDLORD AND TENANT — ANTILOCKOUT STATUTE — TENANT —
    DAMAGES.
    Tenant, as used in the antilockout statute, refers to an individual
        or individuals who pay consideration to a landlord for the right
        to occupy rental property; the term does not include members

REFERENCES
Am Jur 2d, Ejectment §§ 133-140.
See ALR Index under Ejectment, Eviction, and Ouster.

of a renter's family unit who may be residing on the property but who have not paid consideration (MCL 600.2918[2]; MSA 27A.2918[2]).

*David H. Hunt,* for the plaintiffs.

Before: NEFF, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM. Plaintiff, Terene Nelson, appeals from the circuit court's order affirming the district court's decision against defendant, plaintiff's landlord, which granted plaintiff with respect to her claim on her own behalf $200 in damages under § 2918(2)(f) of the Revised Judicature Act, MCL 600.2918(2)(f); MSA 27A.2918(2)(f), but denied the same damage awards with respect to the claims she brought as next friend of her two minor children. We affirm.

The facts of this case are not controverted. Plaintiff rented a mobile home from defendant pursuant to an oral lease. Under the lease, plaintiff paid $250 as a security deposit and $250 a month in rent, and defendant agreed to pay the electric bill. Plaintiff and her two minor children moved into the mobile home in September 1990 and lived there until June 1991, when the electric service to the mobile home was terminated because defendant failed to pay the electric bill. Because of the loss of electric power and water to their home, plaintiff and her children moved out of the mobile home and instituted an action in the district court, seeking a refund of the security deposit and requesting damages for herself and each of her children pursuant to § 2918(2), commonly referred to as the antilockout statute, which states in pertinent part:

Any *tenant* in possession of premises whose possessory interest has been unlawfully interfered

with by the owner, lessor, licensor, or their agents shall be entitled to recover the amount of his actual damages or $200.00, whichever is greater, for each occurrence and, where possession has been lost, to recover possession. Unlawful interference with a possessory interest shall include:

*    *    *

(f) Causing, by action or omission, the termination or interruption of a service procured by the tenant or which the landlord is under an existing duty to furnish, which service is so essential that its termination or interruption would constitute constructive eviction, including heat, running water, hot water, electric, or gas service. [MCL 600.2918(2)(f); MSA 27A.2918(2)(f). Emphasis added.]

The district court found defendant liable under § 2918(2) and awarded plaintiff in her individual capacity statutory damages of $200. The court refused, however, to award separate judgments in favor of plaintiff's two children. Plaintiffs then appealed the district court judgment to the circuit court.

Affirming the district court's decision, the circuit court found that § 2918 entitled only the "tenant," i.e., the person who is paying rent pursuant to an agreement with the landlord, the right to recover possession of the rental premises and monetary damages. The circuit court determined that defendant's interference with the possessory enjoyment of the tenant's children constituted interference with the possessory right of the individual paying the rent; thus, a child could not maintain independently an action to recover possession under § 2918(2). Plaintiffs appeal by leave granted. We affirm.

The question whether the term "tenant" found in § 2918(2) refers to all persons occupying the

premises under a lease or is limited to the person or persons actually obligated to pay rent presents an issue of first impression. On appeal, we review questions of law regarding statutory interpretation de novo. *In re Lafayette Towers,* 200 Mich App 269, 272-273; 503 NW2d 740 (1993). In interpreting the antilockout statute, our goal is to ascertain and give effect to the Legislature's intent. *Id.* Statutory language should also be construed reasonably, keeping in mind the purpose of the act. *In re Estes Estate,* 207 Mich App 195, 209; 523 NW2d 863 (1994). When undertaking this endeavor, a court should not abandon the canons of common sense. *Marquis v Hartford Accident & Indemnity (After Remand),* 444 Mich 638, 644; 513 NW2d 799 (1994).

The antilockout statute does not define the word "tenant." When a statute does not define a term, we will construe the term according to its common and approved usage. *Jennings v Southwood,* 446 Mich 125, 139; 521 NW2d 230 (1994). Resort to dictionary definitions is appropriate to construe the common and approved usage of undefined statutory terms. *Id.* at 139-140; *In re Estes Estate, supra.* The term "tenant" has been defined as "a person or group that rents and occupies land, a house, an office, or the like, from another, usu[ally] under the terms of a lease; lessee." *Random House Webster's College Dictionary* (1992). Black's Law Dictionary (6th ed) defines "tenant" as "one who has the temporary use and occupation of real property owned by another person (called the 'landlord'), the duration and terms of his tenancy being usually fixed by an instrument called a 'lease'." Also, "[o]ne renting land and paying for it" is considered a tenant. *Id.*

Notably, § 1(d) of the landlord tenant relationship act (LTRA), MCL 554.601(d); MSA 26.1138(1)(d),

defines "tenant" as "any person who occupies a rental unit for residential purposes with the landlord's consent for an agreed-upon consideration." Although this definition is quite broad, its use in § 1(e) of the LTRA, MCL 554.601(e); MSA 26.1138(1) (e) indicates a narrower group of individuals. Section 1(e) defines "security deposit" as "a deposit, in any amount, *paid by the tenant* to the landlord or his or her agent to be held for the term of the rental agreement, or any part thereof, and includes any required prepayment of rent . . ." (emphasis added). Thus, the LTRA apparently recognizes that a "tenant" is the individual or individuals who pay consideration to the landlord for the right to occupy rental property, rather than the members of the larger family unit dwelling in the rental property.

This conclusion is supported by two recent cases, *Grant v Detroit Ass'n of Women's Clubs,* 443 Mich 596, 603-606, 608; 505 NW2d 254 (1993), and *De Bruyn Produce Co v Romero,* 202 Mich App 92, 100-102, 108; 508 NW2d 150 (1993), where the Michigan Supreme Court and this Court focused on whether the persons occupying the employer-provided housing had paid consideration for the housing in order to determine whether they were tenants.[1] *Grant* and *DeBruyn Produce* confirm that the determination that an occupier of property is a tenant depends upon the existence of a contractual relationship between the owner and the possessor wherein the possessor pays consideration in exchange for the right to occupy the property.

---

[1] In *Grant, supra* at 605, n 6, our Supreme Court explained:

It is generally held that, in order that the relation of landlord and tenant may exist, there must be present all the necessary elements of the relation, which include permission or consent on the part of the landlord to occupancy by the tenant, . . . and, generally speaking, a contract, either express or implied, between the parties.

In light of the dictionary definitions of tenant, the usage of tenant in the LTRA, and the meaning given to tenant by the courts, we believe that neither the district court nor the circuit court erred in finding that plaintiff's children were not "tenants" entitled to separate damages under § 2918(2). While plaintiff had an oral contract with defendant to pay rent in exchange for possession and occupancy of the rental property, the record is devoid of any evidence that plaintiff's children had a separate contractual right to occupy the premises. Rather, the children had a right to occupy the mobile home because of plaintiff's lease contract with defendant. Thus, the court properly awarded $200 in damages under § 2918(2)(f) to plaintiff only in her individual capacity.

Our conclusion is further supported by a strict construction of § 2918, a statute that, in derogation of the common law, provides for penalties in the event of its violation. *Steward v Poole,* 196 Mich App 25, 29; 492 NW2d 475 (1992). Under the principle of strict construction, we believe that the Legislature's intent to include the children of lessees as "tenants" under § 2918 must affirmatively appear in the statutory language. Because no such language is found in § 2918, we conclude that both the district court and the circuit court correctly determined that plaintiff's minor children were not considered "tenants" entitled to statutory damages pursuant to § 2918(2). We, therefore, affirm the circuit court's approval of the district court's damage award under § 2918(2)(f).

Affirmed.