# STATE OF MICHIGAN

# COURT OF APPEALS

MELISSA SEYMORE,

        Plaintiff-Appellant,

v

ADAMS REALTY and MICHAEL REGAN,

        Defendants-Appellees,

UNPUBLISHED
November 1, 2016

No. 326924
Wayne Circuit Court
LC No. 14-015731-CZ

Before: GADOLA, P.J., and WILDER and METER, JJ.

PER CURIAM.

In this case brought under MCL 600.2918, the Michigan anti-lockout statute, plaintiff Melissa Seymore appeals as of right the trial court's order granting defendants' motions for summary disposition pursuant to MCR 2.116(C)(8).[1] We affirm.

This case arose from an incident in which plaintiff was allegedly locked out of a house located in Detroit after defendants allegedly changed the locks on or about October 9 or 10, 2014. Defendant Michael Regan purchased the house on or about October 2, 2014, from the Bank of America, which itself had purchased the property on December 19, 2013, by way of a sheriff's sale.

Plaintiff first claims that MCL 600.2918, the Michigan anti-lockout statute, clearly applies to a person, such as plaintiff, who remains in possession of property after the redemption period following a mortgage sale has expired. This Court reviews questions of statutory interpretation de novo. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006).

MCL 600.2918 provides damages for forcible ejectment from property or unlawful interference with a possessory interest in property:

> (1) Any person who is ejected or put out of any lands or tenements in a forcible and unlawful manner, or being out is afterwards held and kept out, by

---

[1] "The opposing party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8).

force, is entitled to recover 3 times the amount of his or her actual damages or $200.00, whichever is greater, in addition to recovering possession.

(2) Any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner is entitled to recover the amount of his or her actual damages or $200.00, whichever is greater, for each occurrence and, if possession has been lost, to recover possession. Subject to subsection (3), unlawful interference with a possessory interest includes 1 or more of the following:

(a) Use of force or threat of force.

(b) Removal, retention, or destruction of personal property of the possessor.

(c) Changing, altering, or adding to the locks or other security devices on the property without immediately providing keys or other unlocking devices to the person in possession.

(d) Boarding of the premises that prevents or deters entry.

(e) Removal of doors, windows, or locks.

(f) Causing, by action or omission, the termination or interruption of a service procured by the tenant or that the landlord is under an existing duty to furnish, which service is so essential that its termination or interruption would constitute constructive eviction, including heat, running water, hot water, electric, or gas service.

(g) Introduction of noise, odor, or other nuisance . . . .

Plaintiff urges this Court to interpret MCL 600.2918(2) by reference to a catch-line title for MCL 600.5714 that refers to "holding over by tenant" and by reference to MCL 600.5714(g), which deals with summary proceedings to recover possession by "a person [who] continues in possession of premises sold by virtue of a mortgage or execution, after the time limited by law for redemption of the premises." Firstly, we note that the catch-line heading of a statute is not part of the statute itself and is not to be used to alter clear statutory language. See MCL 8.4b and *People v Al-Saiegh*, 244 Mich App 391, 396-397; 625 NW2d 419 (2001).

Moreover, in *Nelson v Grays*, 209 Mich App 661, 663-664; 531 NW2d 826 (1995), this Court considered "[t]he question whether the term 'tenant' found in § 2918(2) refers to all persons occupying the premises under a lease or is limited to the person or persons actually obligated to pay rent[.]" The *Nelson* court concluded that for the purposes of MCL 600.2918(2), "the determination that an occupier of property is a tenant depends upon the existence of a contractual relationship between the owner and the possessor wherein the possessor pays consideration in exchange for the right to occupy the property." *Id*. at 665. This Court is bound under the rule of stare decisis to follow the previous decision of this Court in *Nelson* interpreting the term "tenant" for the purposes of MCL 600.2918(2). MCR 7.215(C)(2). This means that,

contrary to plaintiff's contentions, MCL 600.2918(2) does not provide relief for a person, such as plaintiff, who remained in possession of property after a foreclosure but who had no contractual relationship with the owner of the property; the trial court did not err by determining that MCL 600.2918(2) does not provide relief to such persons. *Nelson*, 209 Mich App at 665.

Plaintiff alleges that the trial court erred by relying on MCR 2.116(C)(8) to grant summary disposition to defendants with regard to plaintiff's claims under MCL 600.2918(1) and (2). We review de novo the decision of a trial court to grant or deny summary disposition. *Veenstra v Washtenaw Country Club*, 466 Mich 155, 159; 645 NW2d 643 (2002). "A motion for summary disposition brought pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the allegations of the pleadings alone." *Feyz*, 475 Mich at 672. "When a challenge to a complaint is made, the motion tests whether the complaint states a claim as a matter of law, and the motion should be granted if no factual development could possibly justify recovery." *Id*.

As already discussed, for the purposes of MCL 600.2918(2), "the determination that an occupier of property is a tenant depends upon the existence of a contractual relationship between the owner and the possessor wherein the possessor pays consideration in exchange for the right to occupy the property." *Nelson*, 209 Mich App at 665. Plaintiff did not allege any facts to show that she was a tenant, i.e., that there was a contractual relationship between her and either defendant involving the payment of consideration in exchange for the right to occupy the property. Therefore, plaintiff's complaint as it relates to her claim under MCL 600.2918(2) was legally insufficient and failed to state a claim as a matter of law. *Feyz*, 475 Mich at 672.

According to plaintiff, the trial court erred by asserting that MCL 600.2918(1) requires a physical threat of violence because the legal conception of force has evolved over time, such that merely locking plaintiff out of her house constituted sufficient force for liability under MCL 600.2918(1). However, as noted by defendants, plaintiff has waived this claim. At the hearing on defendants' motions for summary disposition, the trial court addressed plaintiff's counsel regarding the claim pursuant to MCL 600.2918(1), and plaintiff's counsel conceded that MCL 600.2918(1) did not apply in this case. "[I]t is fundamental that a party may not create error in a lower court, and then claim on appeal that the error requires reversal." *Clohset v No Name Corp*, 302 Mich App 550, 566; 840 NW2d 375 (2013). To do so " 'would permit the party to harbor error as an appellate parachute.' " *Id*., quoting *Dresselhouse v Chrysler Corp*, 177 Mich App 470, 477; 442 NW2d 705 (1989). Because plaintiff stated on the record before the trial court that MCL 600.2918(1) did not apply in this case, plaintiff is prohibited from claiming on appeal that the trial court erred by finding that plaintiff failed to state a claim under MCL 600.2918(1).

Moreover, plaintiff's claim that the fact that she was locked out of her residence represented forcible ejectment under MCL 600.2918(1) is unsustainable based on binding precedent interpreting the statute. In 1872, the Michigan Supreme Court interpreted a similar predecessor version of MCL 600.2918(1)[2] and concluded that

---

[2] The predecessor version of the statute applicable at that time was 1857 CL 4717, which stated:

the statute was not intended to apply to a mere trespass, however wrongful; but the entry or the detainer must be riotous, or personal violence must be used or in some way threatened, or the conduct of the parties guilty of the entry or detainer must be such as in some way to inspire terror or alarm in the persons evicted or kept out; in other words, the force contemplated by the statute is not merely the force used against, or upon the property, but force used or threatened against persons as a means, or for the purpose of expelling or keeping out the prior possessor. [*Shaw v Hoffman*, 25 Mich 162, 168-169 (1872).]

In 1953, the Supreme Court reaffirmed the holding in *Shaw*, stating that the rule laid down in *Shaw* was consistently followed in later decisions that required forcible entry or detainer for the statute to be violated. *Patterson v Dombrowski*, 337 Mich 557, 562; 60 NW2d 456 (1953).

Despite this binding precedent, plaintiff claims that MCL 600.2918(1) requires nothing more than an allegation that plaintiff was locked out of the house for her to state a viable claim under MCL 600.2918(1). In support of her claim, plaintiff relies only on nonbinding caselaw and provides no citation to any authority overruling *Shaw* or *Patterson*. "It is the duty of the Supreme Court to overrule or modify caselaw if and when it becomes obsolete, and the Court of Appeals and the lower courts are bound by the precedent established by the Supreme Court until it takes such action." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 387-388; 741 NW2d 61 (2007). Thus, the interpretation of MCL 600.2918(1) as provided by *Shaw* and its progeny is binding upon this Court. Because plaintiff failed to allege any use of force as required to state a claim under MCL 600.2918(1), the trial court did not err by granting defendants' motions for summary disposition pursuant to MCR 2.116(C)(8).

Plaintiff also claims that she is entitled to actual damages, including damages for mental distress and anguish, because of defendants' violations of MCL 600.2918(1) and (2). As discussed, the trial court properly granted defendants' motions for summary disposition of plaintiff's claims under MCR 2.116(C)(8). The trial court thus had no reason to consider what damages defendants would owe plaintiff if defendants were liable for a violation of MCL 600.2918, and there is no reason for this Court to consider the question either.

Finally, plaintiff claims that she was entitled to amend her complaint as a matter of law under MCR 2.118(A)(1), because defendants did not file a responsive pleading. To the extent this issue requires the interpretation of a court rule, this Court reviews such questions of law de novo. *CAM Construction v Lake Edgewood Condominium Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002). This Court reviews a trial court's decision to deny leave to amend pleadings

---

"If any person shall be ejected or put out of any lands or tenements in a forcible and unlawful manner, or, being put out, be afterward holden and kept out by force, or with strong hand, he shall be entitled to maintain an action of trespass, and shall recover therein three times the amount of damages assessed by the jury or a justice of the peace in the cases provided by law." [*Shaw v Hoffman*, 25 Mich 162, 168 (1872), quoting 1657 CL 4717.]

for an abuse of discretion. *Ormsby v Capital Welding*, *Inc*, 471 Mich 45, 53; 684 NW2d 320 (2004).

MCR 2.118(A) provides the general rule regarding amendment of pleadings:

(1) A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading.

(2) Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires . . . .

In addition, MCR 2.116(I)(5) provides for amendment of pleadings in certain circumstances after a party moves for summary disposition:

(5) If the grounds asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified.

A motion for summary disposition is not a responsive pleading. See MCR 2.110(A).[3] "When a trial court grants summary disposition pursuant to MCR 2.116(C)(8), or (C)(10), the opportunity for the nonprevailing party to amend its pleadings pursuant to MCR 2.118 should be freely granted, unless the amendment would not be justified," and a futile amendment would not be justified. *Ormsby*, 471 Mich at 52-53.

Plaintiff's appellate argument is not supported. No responsive pleading was filed; instead, defendants moved for summary disposition in lieu of filing an answer. See MCR 2.116(D)(4) (stating that a motion for summary disposition under MCR 2.116(C)(8) generally may be raised at any time). Even assuming, arguendo, that MCR 2.118(A)(1) somehow applies in this situation, plaintiff did not submit an amended complaint at any time, much less within 14 days of her complaint or defendants' motions. Accordingly, the entire premise of plaintiff's appellate argument is faulty.

Even if we were to consider court rules other than the one relied upon by plaintiff, we would find no basis for reversal. MCR 2.118(A)(2) indicates that when subsection (A)(1) is inapplicable, "a party may amend a pleading only by leave of the court or by written consent of the adverse party." While the trial court had the discretion to allow plaintiff leave to amend her complaint under MCR 2.116(I)(5), see *Ormsby*, 471 Mich at 52-53, plaintiff's failure to

---

[3] "The term 'pleading' includes only: (1) a complaint, (2) a cross-claim, (3) a counterclaim, (4) a third-party complaint, (5) an answer to a complaint, cross-claim, counterclaim, or third-party complaint, and (6) a reply to an answer. No other form of pleading is allowed." MCR 2.110(A).

specifically indicate in what manner her complaint would be amended[4] leaves this Court with no trial court rationale to review and no basis on which to determine whether amendment of the complaint would have been justified or futile.[5] *Ormsby*, 471 Mich at 52-53; see also, generally, *Fuga v Comerica Bank—Detroit*, 202 Mich App 380, 383; 509 NW2d 778 (1993), abrogated on other grounds as stated in *Xu v Gay*, 257 Mich App 263, 267-268, 668 NW2d 166 (2003) (finding that this Court was unable to consider the merits of the plaintiff's proposed amended complaint because the plaintiff never moved for leave to amend). There is no basis for reversal.

      Affirmed.

                            /s/ Michael F. Gadola
                            /s/ Kurtis T. Wilder
                            /s/ Patrick M. Meter

---

[4] Indeed, plaintiff did not file a motion to amend her complaint. She merely argued, in her responses to defendants' motions for summary disposition, that she was entitled to amend her complaint, but she did not state, with specificity, how she wanted the complaint to be amended or how the amendment would rectify the issues that led to the grant of summary disposition. Nor does she do so on appeal.

[5] In granting defendants' motions, the trial court specifically acknowledged that plaintiff had requested an amendment but stated that "[t]here's been no motion filed for leave to amend" and "[t]here's been no amended complaint filed in this matter."